IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE LYNN FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-105 (KAJ) |
| | ) |
| UNUM LIFE INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

### I.   INTRODUCTION

This case arises from Defendant's denial of long term disability benefits to Plaintiff, who was involved in an automobile accident. Before me is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Item ["D.I."] 2; the "Motion.") For the reasons that follow, the Motion will be granted.

### II.   BACKGROUND[1]

On October 28, 2003, Plaintiff was involved in a hit-and-run automobile accident and sustained injuries to her neck, back, ribs, legs, shoulder, and arm. (D.I. 4, Ex. C at ¶¶ 3-4; the "Complaint.") According to the Complaint, on February 24, 2004, Plaintiff applied to Defendant for long term disability benefits (*id.* at ¶ 5), under a group insurance policy held by Plaintiff's employer (*see* D.I. 4, Ex. A at UASP10001; D.I. 4, Ex. B at UACL00002 (insurance policy and claim document showing Plaintiff's

---

[1] The following background information is based on Plaintiff's allegations, which are assumed to be true for the purposes of this 12(b)(6) motion.

application for benefits pursuant to Policy No. 530503)).[2] That request was denied on April 20, 2004. (Complaint at ¶ 6.) On April 24, 2004, Plaintiff appealed that decision, and as a result of that appeal, Defendant again denied benefits on June 28, 2004. (Id. at ¶¶ 7-8.)

Plaintiff, proceeding pro se, filed a complaint in the Court of Common Pleas for the State of Delaware, and Defendant removed the case to this court. (D.I. 1.) As a result of Defendant's denial of benefits, Plaintiff seeks damages for lost wages, pain and suffering, mortgage payments, a lost life insurance policy, and lost "eligibility To [sic] be rehired for employment after 17 years of service." (Complaint at ¶ 10.) In her response to this Motion, Plaintiff stated that as a result of the denial of long term disability benefits, she lost her job. (D.I. 6 at ¶ 6.) Plaintiff also specifically seeks $50,000 to compensate for pain, suffering, and mental anguish. (Complaint at ¶ 11.) Plaintiff also filed a separate complaint in this court, apparently seeking recovery of long term disability benefits and alleging discrimination. (Civil Action No. 05-118, D.I. 1.) The two cases have been consolidated. (Civil Action No. 05-105, D.I. 13.)

## III. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) requires a court to accept as true all material allegations of the complaint. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998) (internal citation omitted). "A complaint should be

---

[2] Since Plaintiff relies on the policy to support her right to insurance coverage, the court may consider that document, even though it was provided by Defendant. See Pension Benefit Guaranty Corp. v. White Consolidated Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* (internal citation omitted). The moving party has the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

## IV.   DISCUSSION

Defendant argues that the Complaint filed in Civil Action 05-105 seeks compensatory damages consistent with claims for breach of contract, negligence, or intentional infliction of emotional distress, and that such state-law claims are preempted under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. (D.I. 3 at 4-6.) Because Plaintiff's claims relate to benefits offered as part of her employment (*see* D.I. 4, Ex. A at UASP10001; D.I. 4, Ex. B at UACL00002), the provisions of ERISA apply. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987) ("ERISA comprehensively regulates . . . employee welfare benefits plans that, through the purchase of insurance or otherwise, provide . . . benefits in the event of sickness, accident, disability, or death.") (citing 29 U.S.C. § 1002(1)) (internal quotation marks omitted).

It is beyond dispute that, subject to narrow exceptions not applicable here, state laws are preempted by ERISA if they "relate to any employee benefit plan," 29 U.S.C. § 1144(a). *Pilot Life*, 481 U.S. at 44-46. Specifically, common law causes of action for breach of contract, negligence, and intentional infliction of emotional distress which have a connection with a benefit plan are preempted. *Id.* at 43-44, 47-48 (holding that

3

a common law breach of contract claim is preempted); *Pane v. RCA Corp.*, 868 F.2d 631, 635 (3d Cir. 1989) (same for common law breach of contract and intentional infliction of emotional distress); *Abrams v. Dean Witter Reynolds Inc.*, No. Civ.A.98-3988, 1999 WL 130612, at *1, *4 (E.D. Pa. Mar. 11, 1999) (same for common law breach of contract and negligence). Therefore, to the extent that Plaintiff is making such claims, I must grant Defendant's Motion.

Any submission by a pro se litigant enjoys a particularly liberal review of technical and procedural matters. *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993). District Courts construe pro se submissions in a manner that allows, to the fullest extent feasible, for the substance of issues to be addressed, despite any technical deficiencies in pleading or presenting claims and defenses. *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999). Although the court may overlook informalities, and even apply unarticulated law where appropriate, only information that has been communicated to the court can be considered. *Id.*

Here, Plaintiff does not expressly state the basis for her claims. However, the damages that she requests, which include lost wages, pain and suffering, and other consequential damages, are not available under ERISA. *See* 29 U.S.C. § 1132 (setting forth the exclusive remedies available under the statute). Because such damages are consistent with claims for breach of contract, negligence, or intentional infliction of emotional distress, I understand the Complaint to be making one or more of those claims. That interpretation is consistent with Plaintiff's filing of a second complaint seeking disability benefits in Civil Action 05-118. (Civil Action No. 05-118, D.I. 1.)

Therefore, since the Complaint sets forth state-law claims that are preempted under ERISA, I will grant Defendant's Motion to Dismiss.[3]

## V. CONCLUSION

Accordingly, for the reasons set forth herein, it is hereby ORDERED that Defendant's Motion to Dismiss (D.I. 2) is GRANTED. It is further ORDERED that Plaintiff's request for counsel (D.I. 6 at ¶ 11) is DENIED.

_____
UNITED STATES DISTRICT JUDGE

March 9, 2006
Wilmington, Delaware

---

[3] In her response to Defendant's Motion, Plaintiff requests counsel. (D.I. 6 at ¶ 11.) For the reasons set forth in the February 24, 2006 teleconference, and considering the factors set forth in *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993), I will deny Plaintiff's request.